UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

WILLIAM DAVIDSON HAMBY, JR., )
*et al.*, )
 )
    Plaintiffs )
 ) No. 3:13-0181
v. ) Judge Campbell/Bryant
 ) **Jury Demand**
SHERIFF DARON HALL, *et al.*, )
 )
    Defendants )

**TO:  THE HONORABLE TODD J. CAMPBELL**

### REPORT AND RECOMMENDATION

Defendant Hall has filed his "Corrected Motion to Dismiss" (Docket Entry No. 72). Plaintiff Shannon has filed his response in opposition (Docket Entry No. 80).

For the reasons stated below, the undersigned Magistrate Judge recommends that Defendant's motion to dismiss be granted and the complaint dismissed without prejudice.

### STATEMENT OF THE CASE

Plaintiff Byron Shannon is a prisoner who is proceeding *pro se* and in *forma pauperis*. Defendant Hall is the Sheriff of Metropolitan Nashville and Davidson County, Tennessee. Shannon and four other prisoners[1] filed their complaint alleging that Defendant Hall has violated their constitutional rights in multiple ways based upon alleged deficiencies in the conditions of confinement at the Davidson County Justice Center. The allegedly deficient conditions include the cold temperature of the cells, inadequacy of

---

[1] The claims of all Plaintiffs except Shannon have previously been dismissed (Docket Entry Nos. 3 and 24).

bedding, food, prisoner segregation, and medical and psychiatric care of prisoners.

Defendant Hall has filed his motion to dismiss, to which Plaintiff Shannon has responded in opposition.

**STANDARD OF REVIEW**

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the court must view the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). This requirement of accepting the truth of the complaint's factual allegations does not apply to legal conclusions, however, even where such conclusions are couched as factual allegations. *Id.* Although Federal Rules of Civil Procedure 8(a)(2) requires merely "a short and plain statement of the claim," the plaintiff must allege enough facts to make the claim plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). He must plead well enough so that his complaint is more than "a formulaic recitation of the elements of a cause of action." *Id.* at 555. "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin American Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

While a *pro se* complaint is "to be liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), "basic pleading essentials" still apply. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1990). Moreover, "[d]istrict courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. To do so would 'require . . . [the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of advocate seeking out the strongest arguments and most successful strategies for a party.'" *Dixie v. Ohio*, 2008 WL 2185487, at *1 (N.D. Ohio May 23, 2008) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

**ANALYSIS**

In support of his motion, Defendant Hall argues three grounds. First, he asserts that the allegations in the complaint, if accepted as true, fail to establish constitutional violations. Second, Defendant argues that Plaintiff Shannon may not maintain this action because he runs afoul of the "three strikes" rule contained in the Prison Litigation Reform Act, 28 U.S.C. § 1915(g). Third, Defendant asserts that Plaintiff Shannon cannot maintain this action because he has failed to exhaust his administrative

remedies, as required by 42 U.S.C. § 1997e(a). The undersigned Magistrate Judge will address each of these arguments in the order presented.

Defendant Hall devotes most of his supporting memorandum to an assertion that the allegations in the complaint, even accepted as true, fail to constitute violations of the Eighth Amendment (Docket Entry 74 at 2-10). Plaintiff Shannon's entire response in opposition (Docket Entry No. 80) is devoted to countering this argument and establishing that the claims in the complaint amount to constitutional violations.

This Court has already found that Plaintiff Shannon has adequately alleged facts from which it may be inferred that his constitutional rights were violated by an official custom or policy of the Davidson County Sheriff's office, an agency of the Metropolitan Government of Nashville and Davidson County (Docket Entry Nos. 23 and 24). Accordingly, the undersigned Magistrate Judge recommends that Defendant Hall's motion to dismiss on this ground be denied.

Defendant next maintains that Plaintiff Shannon is a "three striker" and may not maintain this action without paying the required filing fee, under the authority of 28 U.S.C. § 1915(g). This statute provides as follows:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon

4

which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Defendant Hall asserts that this Court has dismissed at least three Section 1983 lawsuits brought by Plaintiff Shannon for failure to state a claim. Defendant Hall lists these three cases as follows: *Shannon, et al. v. Johnson, et al.*, No. 3:12-1318; *Hamby, et al. v. Johnson, et al.*, No. 3:13-0096; and *Shannon v. Johnson, et al.*, No. 3:13-mc-0004. While it is true that Case No. 3:13-mc-0004 was dismissed on February 26, 2013, for failure to state a claim, it appears that Case Nos. 3:12-1318 and 3:13-0096 were dismissed on April 12, 2013, and April 10, 2013, respectively. The complaint in this action was filed on March 1, 2013 (Docket Entry No. 1). Therefore, although Plaintiff Shannon is at the present time a "three striker," it does not appear that he had violated the "three-strike" rule when this action was brought. For this reason, the undersigned Magistrate Judge recommends that Defendant Hall's motion to dismiss based upon 28 U.S.C. § 1915(g) be denied.

Finally, Defendant Hall has filed in support of his motion to dismiss the declaration of Tom Davis, the Records Manager for the Davidson County Sheriff's Office. According to this declaration, Mr. Davis served as records custodian of the grievance records maintained by the Sheriff's Office during the entire time of Plaintiff Shannon's current incarceration that began on June 7, 2012. Mr. Davis further testifies in his declaration that the official records contain no grievance filed by Plaintiff Shannon on 19 different conditions of confinement, which include most if not

all of the claims in the complaint. In addition, Mr. Davis testifies that there is no record that Plaintiff Shannon has filed a single appeal related to any grievance response (Docket Entry No. 73 at 3). Plaintiff Shannon in his response in opposition (Docket Entry No. 80) wholly fails to address the issue of exhaustion of administrative remedies.

Title 42, Section 1997e(a) of the United States Code provides as follows:

> (a) Applicability of administrative Remedies. No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal Law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

A prisoner does not exhaust his administrative remedies if he fails to start the grievance process or to complete all potential appeals. *Thomas v. Woolum*, 337 F.3d 720, 726-27 (6th Cir. 2003). The declaration of Mr. Davis establishes that Plaintiff Shannon has not started the grievance process with respect to most if not all of the grounds alleged in the complaint. Moreover, this declaration demonstrates that Plaintiff Shannon has not completed all potential appeals on <u>any</u> of the claims in his complaint. In response, Plaintiff Shannon has altogether failed to demonstrate that he has exhausted all available state administrative remedies with respect to the claims he seeks to raise in his complaint. When a prisoner does not exhaust his administrative remedies before filing a Section 1983 suit in federal court, it is appropriate to

dismiss his complaint. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999).

From the record before the Court, the undersigned Magistrate Judge finds that there is no genuine dispute as to any material fact regarding Plaintiff Shannon's failure to exhaust his administrative remedies,[2] and that Defendant Hall's motion to dismiss should be granted on this ground.

**RECOMMENDATION**

For the reasons stated above, the undersigned Magistrate Judge finds that Defendant Hall's motion to dismiss should be GRANTED on the ground that Plaintiff Shannon has failed to exhaust his administrative remedies, and that the complaint should be dismissed without prejudice. If this report and recommendation is accepted, the undersigned also recommends that all pending motions be DENIED as moot.

ENTER this 3rd day of January, 2014.

/s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge

---

[2] When a district court considers matters outside the pleadings in ruling on a Rule 12(b)(6) motion, the motion is the functional equivalent of a motion for summary judgment under Rule 56 and should be reviewed as such. *See Engleson v. Unum Life Ins. Co.*, 723 F.3d 611, 616 (6th Cir. 2013). Summary judgment is appropriate if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *Price v. Bd. of Trs. of Ind. Laborer's Pension Fund*, 632 F.3d 288, 291-92 (6th Cir. 2011).